Hillsborough,
Jan. 4, 1938.

PETER JESUKEVICH *v.* EDWARD LAPORTE.

*Karl E. Dowd* (by brief and orally), for the plaintiff.

*Thomas J. Bois, Ivory C. Eaton* and *Robert E. Carter* (*Mr. Carter* orally), for the defendant.

*Per Curiam.* Since Lapierre had no authority to delegate the performance of his duty as driver of the truck, the defendant cannot be held liable on the principle of *respondeat superior.* *Jewell* v. *Railway,* 55 N. H. 84; *Clough* v. *Company,* 75 N. H. 84.

The case of *Grant* v. *Knepper,* 245 N. Y. 158, on which the plaintiff relies, is inapplicable. There are here no facts from which it could be found that Boardman, though unlicensed, was not a competent driver or that Lapierre knew, or even ought to have known, that he had no license. Furthermore there is no evidence that the accident was caused by Boardman's negligence or incompetence (if he was incompetent) and no evidence that Lapierre, even if he had been awake and vigilant, could have avoided the accident. See *Grant* v. *Knepper, supra,* 164.

Whether the plaintiff is entitled to be relieved of his agreement "is a question primarily of fact and may be raised only by petition to the Superior Court." *Venus Shoe Corporation* v. *Company,* 88 N. H. 478, 479, and cases cited.

*Judgment for the defendant nisi.*